## Shaffer v. Sewickley Borough et al.

*Eckles & Davis*, for petitioner.

*Charles A. Woods*, Borough Solicitor, and *Robt. A. Applegate*, for respondents.

CARNAHAN, J., March 2, 1928.—The petitioner is a constable for the Borough of Glenfield, in Allegheny County, appointed by the Court of Quarter Sessions of Allegheny County to fill the unexpired term of Walter Fuchs, whose term expired on the first Monday of January, 1928. The Borough of Glenfield has no lockup for the detention of prisoners; nor is there any lockup for such purposes within a radius of about three miles, except one in

the Borough of Sewickley. The petitioner "is engaged in the serving of warrants and writs from the office of Margaret M. Morgan, Justice of the Peace for the Borough of Sewickley aforesaid, and it is necessary for the petitioner to find some place for the detention of any prisoners that he may arrest on warrants from the said justice of the peace."

The borough, by its burgess, chairman of the police committee and its chief of police, has refused to receive prisoners from the petitioner on commitments issued by Justice of the Peace Morgan, and the petitioner, because of such refusal, "has been compelled to transport the said prisoners to other boroughs, adding greatly to the cost of the commitment and greatly inconveniencing" him "in the execution of his duty." He has "frequently attempted to have prisoners in his charge admitted to the said lockup," but the borough officers aforesaid have "refused to receive them."

A writ of alternative mandamus has been issued, to which the respondents have demurred.

The Act of Assembly approved April 23, 1909, P. L. 141, contains this provision:

"Section 1. Be it enacted, etc., that Sheriffs, Constables, members of the State Constabulary, or other persons authorized by laws of this Commonwealth to make arrests, hereafter shall have the use for a period not to exceed forty-eight hours, of borough and township lockups and city and county prisons, for the detention of prisoners until they can be disposed of according to law, if found necessary by the officers in charge."

It does not appear what the alleged offenses of the prisoners referred to by the petitioner were, or where they were committed; nor does it appear that the petitioner, as constable for Glenfield, has been doing any business at all as constable in that borough. He says in his petition that he "is engaged in the serving of warrants and writs from the office of Margaret M. Morgan, Justice of the Peace for the Borough of Sewickley." It does not appear that since the "first Monday of January, 1928," he has had authority to act as constable anywhere, although it is understood by the court that he now holds his office as constable of Glenfield by authority of law.

The borough authorities of Sewickley have discretionary power (at least to some extent) to admit prisoners to their lockup. The lockup may be overcrowded. The facilities for detention may not be adequate. There may be insuperable objections to admitting all of the prisoners in charge of the petitioner, and yet the petitioner asks the court to make an order compelling the authorities of Sewickley to admit all of his prisoners. He asks in his petition that the respondents be required "to admit prisoners in charge of your petitioner for detention." He means all of his prisoners.

Unless there be some good reason for refusing to admit them, they ought to be admitted; but the court cannot anticipate what will happen. The Borough of Sewickley has its magistrates and constables. A sweeping order such as prayed for might operate to the very serious detriment of the borough, and, besides, it would establish a precedent for all outside constables.

We do not understand it to be the absolute duty of a constable to serve warrants and writs issued outside of his borough, such as the petitioner has been doing. These acts on his part are purely voluntary and are apparently done in furtherance of his personal interests.

This demurrer should be sustained.

*Order.*—And now, to wit, March 2, 1928, demurrer sustained and petition dismissed, at the costs of petitioner.

From William J. Aiken, Pittsburgh, Pa.